# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | | |
|---|---|---|
| DAVID CANDLER | * | CIVIL ACTION NO.  14-2774 |
| VERSUS | * | JUDGE ELIZABETH E. FOOTE |
| SISTERS OF CHARITY OF THE INCARNATE WORD d/b/a CHRISTUS HEALTH NORTHERN LOUISIANA | * | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM RULING

The instant matter is before the undersigned Magistrate Judge, on reference from the District Court.  For reasons assigned below, the undersigned finds that the court does not enjoy subject matter jurisdiction to entertain the matter, and therefore, the matter must be remanded to the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, whence it was removed.[1]

### Background[2]

On July 31, 2014, David Candler filed the instant "Petition for Damages" against defendant, Sisters of Charity of the Incarnate Word d/b/a Christus Health Northern Louisiana ("Christus") in the 1st Judicial District Court for the Parish of Caddo State of Louisiana.  On

---

[1]  As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2]  The court adopts and incorporates herein the description and history of the case as detailed in the court's November 3, 2014, Order [doc. # 6].

September 22, 2014, Christus removed the instant case to federal court on the sole basis of
federal question jurisdiction, 28 U.S.C. § 1331.  *See* Notice of Removal.  On November 3, 2014,
the court questioned the presence of federal subject matter jurisdiction, and invited the parties to
submit memoranda addressing the issue.  (Nov. 3, 2014, Order [doc. # 6]).  The court cautioned
that if subject matter jurisdiction was found to be absent, then the matter would be remanded to
state court.  *Id*.

On November 14, 2014, Christus filed a response to the court order in which it
represented that it had removed the case to federal court because it appeared that plaintiff "had
artfully pled allegations of gender-based wrongful discharge actionable under Title VII of the
Civil Rights of 1964."  (Def. Response [doc. # 7]).  Christus did not otherwise seek to establish
the existence of federal question jurisdiction.

Following receipt of Christus's response which all but conceded remand, plaintiff
nonetheless filed his own memorandum decrying the baseless removal, and petitioning the court
to award damages and attorney's fees as a result.  (Pl. Mem. [doc. # 8]).

## Discussion

I.    No Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction.  *Howery v. Allstate Ins. Co.*, 243 F.3d
912, 916 (5th Cir. 2001) (citation omitted).  Thus, a suit is presumed to lie outside this limited
jurisdiction unless and until the party invoking federal jurisdiction establishes otherwise.  *Id*.
Federal law authorizes the removal to federal court of "any civil action brought in a State court of
which the district courts of the United States have original jurisdiction . . ."  28 U.S.C. § 1441(a).
A *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) (citations omitted).  Here, removing

2

defendant invoked federal subject matter jurisdiction solely on the basis of federal question, which confers district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; Notice of Removal.[3]

To support removal premised on federal question jurisdiction, a removing defendant must show that the plaintiff has alleged (1) a federal claim; (2) a state law cause of action that Congress has transformed into an inherently federal claim by completely preempting the field; (3) a state-law claim that necessarily raises a disputed and substantial issue of federal law that a federal court may entertain without disturbing federal/state comity principles; or (4) a claim for injunctive relief from state regulation on the basis that such regulation is preempted by a federal statute. *Marren v. Stout*, Civil Action No. 12-0631, 2013 WL 1117539 (W.D. Tex. Mar. 18, 2013) (as to bases 1-3) (citations omitted); *Gillis v. Louisiana*, 294 F.3d 755, 760 (5th Cir. 2002) (as to basis 4).

Christus represented that it believed that federal question jurisdiction was supported only as a result of plaintiff's artful pleading, i.e. ground two. *See* Def. Response.  The "artful pleading" doctrine is an "independent corollary" to the well-pleaded complaint rule. *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485 (5th Cir. 2002) (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921 (1998)).  This principle provides that a "plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet, supra* (citation omitted).  The

---

[3]  Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999).  A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).  Furthermore, a court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction. *Id.*  Indeed, 28 U.S.C. § 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Those circumstances are present here.

artful pleading doctrine permits removal in cases where federal law completely preempts the plaintiff's state law claim.  *Id*.  **In fact, without complete preemption, the artful pleading doctrine does not apply**.  *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 189 (5th Cir. 2001) (citing *Rivet, supra*).

Removing defendant contends that plaintiff artfully pleaded allegations of gender-based wrongful discharge under Title VII.  (Def. Memo.).  However, plaintiff, as master of his complaint, is permitted to eschew available federal remedies.  Furthermore, as noted previously,[4] the court is unable to discern from the complaint any asserted claim for relief as a result of gender discrimination.  Moreover, even if plaintiff *had* asserted a jurisdictionally ambiguous claim for gender discrimination, defendant neither alleged, nor demonstrated that federal law completely preempts the field of gender discrimination as required to invoke the artful pleading doctrine.

In sum, removing defendant has not established that this court enjoys federal question jurisdiction.  Accordingly, subject matter jurisdiction is lacking and remand is required.  28 U.S.C. § 1447(c).

II.    Plaintiff is Not Entitled to Damages or Fees

An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal.  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v.*

---

[4] *See* Nov. 3, 2014, Order [doc. # 6].

4

*Franklin Capital Corp.* 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005).

Here, plaintiff has not demonstrated that he suffered any quantifiable damages attributable to the removal.  Although lack of subject matter jurisdiction may be raised at any time, plaintiff did not expeditiously seek remand within 30 days of removal, and only filed a brief after prompting from the court *and* after defendant all but conceded remand.  Under these circumstances, an award for damages, costs, fees, and/or expenses is not warranted.

## Conclusion

For the reasons explained above, the court finds that plaintiff's petition does not arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331.  Accordingly, subject matter jurisdiction is lacking and remand is required.  28 U.S.C. § 1447(c).  The case will be REMANDED, via separate judgment, to the First Judicial District Court for the Parish of Caddo, State of Louisiana.  In addition,

IT IS ORDERED that plaintiff's request for damages, fees, etc. is DENIED.

In Chambers, at Monroe, Louisiana, this 3rd day of December 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE