UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| DAVID CANDLER | * | CIVIL ACTION NO.  14-2774 |
| VERSUS | * | JUDGE ELIZABETH E. FOOTE |
| SISTERS OF CHARITY OF THE INCARNATE WORD d/b/a CHRISTUS HEALTH NORTHERN LOUISIANA | * | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

Before the undersigned Magistrate Judge, on reference from the District Court, is a "Motion for Reconsideration, Vacation, or Modification of the Court's Memorandum Ruling Denying Attorneys Fees" [doc. # 11] filed by plaintiff David Candler.  The motion is opposed. For reasons assigned below, the motion is DENIED.[1]

**Background**

On December 3, 2014, the undersigned determined that the court does not enjoy subject matter jurisdiction to entertain this case, and ordered the matter remanded to the First Judicial District Court for the Parish of Caddo, State of Louisiana, whence it was removed.  (Mem. Ruling and Judgment [doc. #s 9-10).  In the same ruling, the court denied plaintiff's request for damages, fees, etc., stating that

> plaintiff has not demonstrated that he suffered any quantifiable damages

---

[1] As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

attributable to the removal. Although lack of subject matter jurisdiction may be
raised at any time, plaintiff did not expeditiously seek remand within 30 days of
removal, and only filed a brief after prompting from the court *and* after defendant
all but conceded remand. Under these circumstances, an award for damages, costs,
fees, and/or expenses is not warranted.

(Mem. Ruling, pg. 5).

On December 8, 2014, plaintiff filed the instant motion for reconsideration. Plaintiff contends, *inter alia*, that the removal was not objectively reasonable, and therefore, the court should reconsider its decision to deny attorney's fees. Plaintiff does not contest the order of remand. Defendant filed its response to the motion on December 29, 2014. Plaintiff did not seek leave to file a reply memorandum, and the time to do so has lapsed. (Notice of Motion Setting [doc. # 13]). Accordingly, the matter is ripe.

## **Law**

Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc.*, 2005 WL 1528611, at *1 (S.D. Miss. May 31, 2005); *Dixon v. 24th Jud. Dist. Ct.*, 2013 WL 4517932, at *1 (E.D. La. Aug. 23, 2013). A Rule 59(e) motion to alter or amend judgment "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002). It "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A motion to alter or amend judgment is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). In ruling on this type of motion, the court must strike the proper balance between the

need for finality and the need to render just decisions on the basis of all the facts. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

## Discussion

An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447(c). Interpreting this provision, the Supreme Court has recognized that

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. *For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.* When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c).

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41, 126 S. Ct. 704, 711 (2005) (citations and internal quotation marks omitted) (emphasis added).

Moreover, the "statute does not embody either a strong preference for or a strong preference against fee awards." *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir. 2009). The courts must look to the objective merits of removal at the time of removal, not the motives of the removing defendant(s). *Diaz v. Cameron Cnty. Texas*, 300 F. App'x 280, 282 (5th Cir. 2008) (citations omitted).

Applying the foregoing considerations here, the undersigned affirms its finding that an award of costs, expenses, and/or fees is not warranted. The court emphasizes that plaintiff shares responsibility for the removal. His petition included extraneous and superfluous allegations as to the gender of the employees and their supervisor, which, when combined with stray allegations

3

of wrongful termination, created ambiguity as to plaintiff's cause of action. *See* Petition, ¶¶ 2-4, 9, & Prayer. In addition, plaintiff perpetuated the ambiguity by failing to file a motion to remand.

It is this court's experience that when a defendant removes a case to federal court on the mistaken belief that the petition states a federal cause of action, the plaintiff will quickly redress the matter via a timely motion to remand. While it is true that a defect in subject matter jurisdiction may be raised at any time, the court cannot wait indefinitely until plaintiff sees fit to raise the issue himself. Indeed, defendant filed its answer on September 22, 2014, which rendered the matter ripe for a scheduling conference. Nonetheless, the court waited more than 30 days for plaintiff to confirm, via motion to remand, that he did not intend to assert a federal cause of action. When, after 30 days, plaintiff had yet to file a motion, the court stepped into the breach and raised the issue on its own. In so doing, the court invited the parties to file memoranda addressing the issue. However, after defendant submitted a response that all but conceded remand,[2] there was little, if anything, left for plaintiff to address – save, and unless to clarify that he had intended to assert a federal cause of action after all. Indeed, implied in a court's "invitation" to file a brief is the additional requirement that the response be material and useful to the court. Plaintiff's brief did not meet these self-evident criteria.

Nevertheless, citing necessitous circumstances, and the parties' disparate resources, plaintiff remains highly critical of this court's decision to deny his request for fees. He goes so far as to accuse the federal courts of supporting and encouraging wrongful removals. The irony

---

[2] "Christus understands the Court's concerns and analysis as set forth in the Order and awaits the Court's final ruling." (Def. Response, pg. 1).

of this argument is not lost on the court, considering that it was the court that *sua sponte* questioned the propriety of the removal. In the end, it is a close question whether the instant removal was objectively reasonable. Regardless, however, this case presents the unusual confluence of circumstances (surplus and ambiguous allegations in plaintiff's petition, together with an open-ended delay in seeking remand) that warrant against an award of costs, expenses, and/or fees. *See Martin, supra*. Here, plaintiff's actions contributed to the delays and costs associated with the removal. Accordingly, each party should bear its own costs.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that plaintiff's "Motion for Reconsideration, Vacation, or Modification of the Court's Memorandum Ruling Denying Attorneys Fees" [doc. # 11] is hereby DENIED.

IT IS FURTHER ORDERED that the prior judgment of remand shall be **STAYED** for an additional fifteen (15) days from the date of this order. If an appeal is taken to the District Judge, the judgment shall remain stayed until the appeal is decided. If, after fifteen (15) days, no appeal has been filed, the Clerk shall remand this action forthwith.

In Chambers, at Monroe, Louisiana, this 15th day of January 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE